[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10666
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00144-JSM-MAP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO GODINEZ-DEL TORO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 2, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Sergio Godinez-Del Toro appeals his 292-month total sentence, imposed following his convictions at trial for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846, and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).  After a careful review, we affirm.

After Godinez-Del Toro's convictions at trial, the probation officer prepared a presentence investigation report (PSI) calculating his base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c)(1).  Due to the application of a two-level role enhancement under § 3B1.1(c), his total offense level became 40.  Because Godinez-Del Toro's criminal history category was I, his applicable guideline range was 292 to 365 months' imprisonment.  He was subject to a mandatory-minimum ten year sentence and a statutory maximum of life on each count.  21 U.S.C. § 841(b)(1)(A)(viii).  The district court adopted the PSI's calculations, but ultimately sentenced Godinez-Del Toro to a low-end guideline sentence of 292 months.  This is his appeal.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and the party challenging the sentence bears the burden of establishing that it is unreasonable, *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  To evaluate

2

procedural reasonableness, we consider, among other things, whether the district court failed to consider the 18 U.S.C. § 3553(a) factors or failed to adequately explain the chosen sentence. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). "In consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly. An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Gonzalez*, 550 F.3d at 1324 (citation omitted).

The substantive reasonableness of a sentence is examined in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51. Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a)(2). The court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range. *Id.* § 3553(a). We will not vacate a sentence as substantively unreasonable unless "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by

3

the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

On appeal, Godinez-Del Toro contends that any sentence above the ten-year mandatory minimum he faced on each count would be unreasonable and greater than necessary to accomplish the goals of sentencing, and that the district court failed to adequately explain its reasons for imposing his specific sentence. In support of his claims of error, Godinez-Del Toro cites his lack of criminal history; the increased costs to the government of incarcerating him beyond the ten-year mandatory minimum; and his minor role in the offense conduct as a "middle man errand runner."

Based on the record, we cannot say that the district court abused its discretion. First, Godinez-Del Toro's sentence is procedurally reasonable because the district court explained that it had considered the § 3553(a) factors, correctly calculated the applicable guideline range, and acknowledged the advisory nature of the Guidelines. Notably, the court was not required to specifically state why it opted not to deviate from the guideline range down to the statutory minimum.

The sentence is also substantively reasonable. Godinez-Del Toro's total 292-month sentence was at the low-end of his guideline range of 292 to 365 months' imprisonment. *See Gonzalez*, 550 F.3d at 1324 ("We ordinarily expect a sentence within the Guidelines range to be reasonable"). His sentence is also well

below the statutory maximum of life imprisonment, which itself is indicative of a reasonable sentence. *See id.* Although Godinez-Del Toro highlights his lack of a criminal background and the fact that he did not use any weapons during the offense conduct as mitigating circumstances, these factors were already accounted for in the district court's calculation of his advisory guideline range. As such, we are far from convinced that Godinez-Del Toro's low-end sentence of 292 months' imprisonment is substantively unreasonable particularly in light of the nature and circumstances of the offense, including the amount of drugs that were seized and his relatively significant role as "money man" in the drug organization. Accordingly, we affirm Godinez-Del Toro's sentence.

**AFFIRMED.**